Mark French Mississippi County Prosecuting Attorney Post Office Box 304 Charleston, Missouri 63834
Dear Mr. French:
This opinion is in response to your question asking:
 Is it legally permissible for a person to serve as supervisor of a levee district organized by the circuit court and also serve as a county commissioner of the county in which such levee district is located?
It is a settled principle of law that unless the Constitution, a statute, or the common law prohibits the holding of two public offices by one individual, an individual may hold two offices simultaneously. See Missouri Attorney General Opinion No. 16, Mallory, 1974, a copy of which is enclosed. Since there are no constitutional or statutory prohibitions in Missouri against the same person serving in the two positions about which you inquire, we must address whether the two positions are incompatible under the common law.
The common law rule has been stated in the case of Stateex rel. Walker v. Bus, 135 Mo. 325, 36 S.W. 636, 639-640
(1896), as follows:
 . . . At common law the only limit to the number of offices one person might hold was that they should be compatible and consistent. The incompatibility does not consist in a physical inability of one person to discharge the duties of the two offices, but there must be some inconsistency in the functions of the two, — some conflict in the duties required of the officers, as where one has some supervision of the others, is required to deal with, control, or assist him. It was said by Judge Folger (People v. Green, 58 N.Y. 295): "Where one office is not subordinate to the other, nor the relations of the one to the other such as are inconsistent and repugnant, there is not that `incompatibility' from which the law declares that the acceptance of the one is the vacation of the other. The force of the word in its application to this matter is that, from the nature and relations to each other of the two places, they ought not to be held by the same person, from the contrariety and antagonism which would result in the attempt by one person to faithfully and impartially discharge the duties of one towards the incumbent of the other. Thus, a man may not be landlord and tenant of the same premises. He may be landlord of one farm, and tenant of another, though he may not at the same hour be able to do the duty of each relation. The offices must subordinate, one the other, and they must per se have the right to interfere, one with the other, before they are incompatible at common law. . . .
To apply this rule, it is necessary to examine the two offices in question to determine whether there is any inconsistency in the functions of the offices which would render them incompatible.
The powers and duties of the board of supervisors of a levee district organized by the circuit court are set out in Section 245.095, RSMo 1986:
 245.095. Powers and duties of supervisors. — In order to effect the leveeing, protection and reclamation of the land and other property in the district subject to tax, the board of supervisors is authorized and empowered to straighten, widen, change the course and line of any levee in or out of said district; to fill up any creek, drain, channel, river, watercourse or natural stream; and to divert or divide the flow of water in or out of said district; to construct and maintain sewers, levees, dikes, dams, sluices, revetments, drainage ditches, pumping stations, syphons and any other works and improvements deemed necessary to preserve and maintain the works in or out of said district; to construct roadways over levees and embankments; to construct any and all of said works and improvements across, through or over any public highway, railroad right-of-way, track, grade, fill or cut in or out of said district; to remove any fence, building or other improvements in or out of said district, and shall have the right to hold, control and acquire by donation or purchase, and if need be, condemn any land, easement, railroad or other right-of-way, sluice or franchise in or out of said district for right-of-way, or for any of the purposes herein provided, or for material to be used in constructing and maintaining said works and improvements for leveeing, protecting and reclaiming the lands in said district. Said board shall also have the right to condemn for the use of the district, any land or property within or without said district not acquired or condemned by the court on the report of the commissioners assessing benefits and damages and shall follow the procedure that is now provided by law for the appropriation of land or other property taken for telegraph, telephone and railroad rights-of-way.
The powers and duties of the county commission are set out primarily in Chapter 49, RSMo. Upon review of these provisions, we conclude that no incompatibility exists between the two offices. The duties and functions of one office are not inherently inconsistent or repugnant to the other. Neither office is superior to the other nor does one office have supervision over the other. Therefore, the common law rule of incompatibility is not violated by one person discharging the duties of the two offices.
CONCLUSION
It is the opinion of this office that the offices of supervisor of a levee district organized by the circuit court and county commissioner in the county where the levee district is located are not incompatible and one person may hold both offices at the same time.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General
Enclosure: Opinion No. 16, Mallory, 1974